David A. Chami, AZ Bar No. 027585
**CONSUMER JUSTICE LAW FIRM**
8095 North 85th Way
Scottsdale, AZ 85258
T: (480) 626-2359
F: (480) 613-7733
E: dchami@consumerjustice.com
*Attorney for Plaintiffs*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Elizabeth Rodriguez, Kevin Powers, Blake Norris, and Raymond Berry, individually and on behalf of all others similarly situated, | Case No.: |
| Plaintiff, | **COLLECTIVE ACTION COMPLAINT** |
| v. | JURY TRIAL REQUESTED |
| SkySkopes, Inc., LaSen, Inc., Daniel Daffinrud, Jeffrey Farstad, Gary Perschbacher, Timothy Goolsby, and Does 1-50, | |
| Defendants. | |

1.     Plaintiffs, ELIZABETH RODRIGUEZ, KEVIN POWERS, BLAKE NORRIS, and RAYMOND BERRY, (hereinafter referred to as "Plaintiffs"), by their attorneys at Consumer Justice Law Firm, allege, upon personal knowledge as to themselves and upon information and belief as to other matters, as follows:

**PRELIMINARY STATEMENT**

2.     Plaintiffs, ELIZABETH RODRIGUEZ, KEVIN POWERS, BLAKE NORRIS, and

RAYMOND BERRY, through undersigned counsel, bring this action against SKYSKOPES, INC., LASEN, INC. and DANIEL DAFFINRUD, JEFFREY FARSTAD, GARY PERSCHBACHER, and TIMOTHY GOOLSBY, as individuals, and DOES 1-50, inclusive, (hereinafter referred to as "Defendants"), to recover damages for egregious violations of state and federal laws arising out of Plaintiffs' employment at SKYSKOPES, INC. and LASEN, INC. located at located at 1628 W Williams Drive Phoenix, Arizona 85027.

3.    Plaintiff ELIZABETH RODRIGUEZ was employed by Defendants remotely and brings this action on behalf of herself and other similarly situated employees alleging that Defendants (1) failed to pay minimum wages under the Fair Labor Standards Act ("FLSA") and ARS §§ 233-363 and 23-364, (2) overtime wages under the FLSA and ARS § 23-351 and 23-355, (3) failed to provide Timely payment of wages in violation of ARS §§23-351 and. 23-352, (4) willfully failed to pay Defendants all earned wages at the Time of termination under ARS §23-353, (5) failed to maintain required payroll records under ARS § 23-364(D), (6) are liable for treble damages for unpaid wages under ARS § 23-355, and (7) failed to provide at least sixty (60) days' advance written notice of the mass layoffs or terminations, as required by 29 USC § 2102(a).

4.    Plaintiffs KEVIN POWERS and BLAKE NORRIS were employed by Defendants remotely in the state of California and bring this action on behalf of themselves and other similarly situated employees in the state of California alleging that Defendants (1) failed to pay minimum wages under the FLSA and CA Labor Code §§ 1182.11, 1182.12, 1194, 1194.2, and 1197, (2) overtime wages under the FLSA and CA Labor Code §§ 510 and

1194, (3) failed to furnish accurate, itemized wage statements under CA Labor Code §§ 226, (4) willfully failed to pay Defendants all earned wages at the Time of termination under CA Labor Code §§ 201-203, (5) failed to reimburse Plaintiffs for all reasonable and necessary business expenses under CA Labor Code §2802, (6) violated the Fair Day's Pay Act under CA Labor Code § 558.1, and (6) violated California's Unfair Competition Law under CA Bus. & Prof. Code § 17200 *et seq*.

5.      Plaintiff RAYMOND BERRY was employed by Defendants remotely in the state of New Mexico and brings this action on behalf of himself and other similarly situated employees who worked for Defendant LASEN alleging that Defendants: (1) failed to pay minimum wages under the FLSA and the New Mexico Minimum Wage Act, (2) overtime wages under the FLSA and New Mexico Minimum Wage Act, (3) failed to provide timely payment of wages in violation of the New Mexico Minimum Wage Act, (4) failed to reimburse Plaintiffs for all reasonable and necessary business expenses, and (5) are liable to Plaintiffs for treble damages, attorneys' fees, and costs pursuant to NM Stat. Ann. § 50-4-26(E).

6.      Plaintiffs also, collectively, bring this action for:

(a) breach of contract arising from Defendants' failure to compensate Plaintiffs as agreed;

(b) violation of the Employee Retirement Income Security Act ("ERISA") in which Defendants, as plan administrators and fiduciaries under 29 USC §§ 1002(16), 1002(21) and 1102(a), deducted 401(k) or Simple IRA contributions from Plaintiffs' wages and those of similarly situated employees but failed to remit or deposit those

contributions into the employees' respective plans;

(c) violation of ERISA, 29 USC § 1001 et seq., due to Defendants' failure to pay health insurance premiums, resulting in loss of coverage and unpaid medical bills; and

(d) Fraudulent Misrepresentation, as Individual Defendants DANIEL DAFFINRUD, JEFFREY FARSTAD, GARY PERSCHBACHER, and TIMOTHY GOOLSBY's knowingly false representations or omissions to Plaintiffs, which were intended to induce reliance on compensation, that Plaintiffs reasonably relied on in order to continue performing services to Defendants, causing Plaintiffs to suffer egregious damages as result.

7.     Plaintiffs seek penalties and damages under ERISA §§ 502(a)(1)(B), 502(a)(2), 502(a)(3), and 502(c) as well as under the Internal Revenue Code § 4980B and applicable California and Arizona unemployment insurance laws for failure to report wages.

8.     The allegations herein concerning each Plaintiff are true to the best of each Plaintiff's current knowledge and belief. The remainder are believed to be true based on Plaintiffs' counsel's investigation.

9.     As a result of the violations of Federal and State laws delineated below, Plaintiffs seek compensatory damages and liquidated damages in an amount exceeding $100,000.00. Plaintiffs also seek interest, attorneys' fees, costs, and all other legal and equitable remedies this Court deems appropriate.

## JURISDICTION AND VENUE

10.    This Court has subject matter jurisdiction over Plaintiffs' federal claims pursuant to the FLSA, 29 U.S.C. §216 and 28 U.S.C. §1331.

4

11.     This Court has supplemental jurisdiction over Plaintiffs' California, New Mexico, and Arizona state law claims pursuant to 28 U.S.C. §1367.

12.     Venue is proper in the District of Arizona pursuant to 28 U.S.C. §1391(b) because Defendants reside in this District, regularly conduct business in this District, and many of the unlawful acts occurred or were directed from this District.

13.     This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§2201 & 2202.

## THE PARTIES

14.     Plaintiff ELIZABETH RODRIGUEZ was employed by Defendants from in or around OCTOBER 2024 as a "Human Resources Manager" until in or around May 2025 when she was constructively terminated due to Defendants' failure to pay her wages.

15.     Plaintiff RAYMOND BERRY was employed by Defendants from in or around January 2023 as a "helicopter pilot" until in or around May 2025 when he was constructively terminated due to Defendants' failure to pay his wages and reimburse business expenses that he incurred.

16.     Plaintiff KEVIN POWERS was employed by Defendants from in or around January 2025 as a "UAV Pilot" until in or around May 2025 when he was constructively terminated due to Defendants' failure to pay him wages and reimburse business expenses that he incurred.

17.     Plaintiff BLAKE NORRIS was employed by Defendants from in or around January 2025 as a "UAV Pilot" until in or around May 2025 when he was constructively terminated due to Defendants' failure to pay him wages and reimburse business expenses that he

incurred.

18.     Although Plaintiffs ELIZABETH RODRIGUEZ, KEVIN POWERS, and BLAKE NORRIS were employed by Defendant SKYSKOPES and the individual Defendants, and Defendant RAYMOND BERRY was employed by Defendant LASEN  and the individual Defendants, the Corporate Defendants were so co-mingled with one another's employees that SKYSKOPES employees received, on more than on occasion, wage and reimbursement payments from LASEN, and Defendants SKYSKOPES and LASEN exchanged employees frequently – including but not limited to pilots and administrative staff.

19.     Upon information and belief, Defendant, SKYSKOPES, INC., is a corporation organized under the laws of Delaware with a principal executive office at 1628 West Williams Drive in Phoenix, AZ 85027.

20.     Upon information and belief, Defendant, LASEN, INC., is a corporation organized under the laws of Delaware with a principal executive office at 1628 West Williams Drive in Phoenix, AZ 85027.

21.     Upon information and belief, Defendant JEFFREY FARSTAD owns and operates SKYSKOPES, INC., and LASEN, INC.

22.     Upon information and belief, Defendant TIMOTHY GOOLSBY was the Chief Executive Officer of SKYSKOPES, INC., and LASEN, INC. until in or around November 2024 when he became the President of LASEN, INC.

23.     Upon information and belief, Defendant DANIEL DAFFINRUD is the Chief Strategy Officer and operates SKYSKOPES, INC., and LASEN, INC.'s financial

accounting decisions.

24.    Upon information and belief, Defendant GARY PERSCHBACHER has been the Chief Financial Officer of both SKYSKOPES, INC. and LASEN, INC. since November 2024 and operates SKYSKOPES, INC. and LASEN, INC.'s financial accounting decisions.

25.    Upon information and belief, Individual Defendants JEFFREY FARSTAD, TIMOTHY GOOLSBY, GARY PERSCHBACHER, and DANIEL DAFFINRUD are agents of SKYSKOPES, INC., and LASEN, INC.

26.    Upon information and belief, Individual Defendants JEFFREY FARSTAD, TIMOTHY GOOLSBY, GARY PERSCHBACHER, and DANIEL DAFFINRUD have power over personnel decisions at SKYSKOPES, INC., and LASEN, INC.

27.    Upon information and belief, Individual Defendants JEFFREY FARSTAD, TIMOTHY GOOLSBY, GARY PERSCHBACHER, GARY PERSCHBACHER, and DANIEL DAFFINRUD have power over payroll decisions at SKYSKOPES, INC., and LASEN, INC.

28.    Individual Defendants JEFFREY FARSTAD, TIMOTHY GOOLSBY, GARY PERSCHBACHER, and DANIEL DAFFINRUD have the power to hire and fire employees, including the Plaintiffs, establish and pay their wages, set their work schedule, and maintain their employment records at SKYSKOPES, INC., and LASEN, INC.

29.    During all relevant Times herein, Defendant JEFFREY FARSTAD, TIMOTHY GOOLSBY, GARY PERSCHBACHER, and DANIEL DAFFINRUD were Plaintiffs' employers within the meaning of the FLSA.

7

30.    Individual Defendant JEFFREY FARSTAD is hereinafter referred to as "DEFENDANT FARSTAD", Individual Defendant TIMOTHY GOOLSBY is hereinafter referred to as "DEFENDANT GOOLSBY", Individual Defendant GARY PERSCHBACHER is hereinafter referred to as "Defendant GARY", Individual Defendant DANIEL DAFFINRUD is hereinafter referred to as "DEFENDANT DAFFINRUD", or, collectively, the "Individual Defendants."

31.    At all Times relevant to this action, SKYSKOPES, INC., and LASEN, INC. were enterprises as defined in Sec. 3(r) of the FLSA, 29 U.S.C. § 203(r).

32.    At all Times relevant to this action, SKYSKOPES, INC., and/or LASEN, INC. were Plaintiffs' employers as defined by 29 U.S.C. § 203(d) and employed Plaintiffs.

33.    Defendant SKYSKOPES, INC. is hereinafter referred to as "SKYSKOPES", and LASEN, INC. is hereinafter referred to as "LASEN" or, collectively, the "Corporate Defendants."

34.    Plaintiffs allege that the Individual Defendants acted on behalf of SKYSKOPES and/or LASEN in violating the provisions identified herein, and as such, are jointly liable for the violations alleged above.

35.    Plaintiffs are informed, believe, and allege that each Individual Defendant herein was, and at all Times relevant to this action is, the agent, employee, representing partner, supervisor, managing agent, or joint venturer of the remaining Defendants and was acting within the course and scope of that relationship.

36.    Plaintiffs are further informed, believe, and allege that each of the Defendants herein gave consent to, ratified, and authorized the act alleged herein of the Defendants.

37.    Defendants are sued both in their own right and on the basis of *respondent superior*.

38.    The true names and capacities of persons or entities, whether individual, corporate associate, or otherwise, sued herein as DOES 1 through 50, inclusive, are currently unknown to Plaintiffs, who therefore sue these Defendants by these fictitious names under Code of Civil Procedure § 474. Plaintiffs are informed and believe, and based thereon allege, that each of the Defendants designated herein as DOE Defendant is legally responsible in some manner for the unlawful acts referred to herein. DOES 1-5 include, but are not limited to, SKYSKOPES co-employers, predecessors, successors, parent and affiliate corporations and officers, directors, and managers. Plaintiffs will seek leave of court to amend this Complaint to reflect the true names and capacities of the Defendants designated hereinafter as DOES when ascertained.

39.    Upon information and belief, SKYSKOPES, INC., and LASEN, INC. are, at present and have been at all Times relevant to the allegation in the complaint, an enterprise engaged in interstate commerce within the meaning of the FLSA in that the entities (i) have had employees engaged in commerce or in the production of goods for commerce, and handle, sell or otherwise work on goods or material that have been moved in or produced for commerce by any person: and (ii) have had an annual gross volume of sales of not less than $500,000.00.

## **GENERAL FACTUAL ALLEGATIONS**
### *WAGES AND DEDUCTIONS*

40.    The Corporate Defendants are both privately owned firms that provides aerial and manned aviation services to the electric utility, oil and gas, infrastructure, and geospatial

industries to inspect and identify power lines that pose a higher risk of forest fires.

41.    Defendant SKYSKOPES employed Plaintiffs KEVIN POWERS and BLAKE NORRIS as UAV Drone Pilots from in or around January 6, 2025 until in or around May 2025, being deployed to geographic areas covered by Defendant SKYSKOPES' contracts with public utilities.

42.    Plaintiff KEVIN POWERS earned forty-one dollars and twenty cents ($41.20) per hour and worked approximately fifty (50) hours per week.

43.    Plaintiff BLAKE NORRIS earned forty-two dollars ($42.00) per hour and worked approximately fifty (50) hours per week.

44.    UAV Pilots employed by Defendant SKYSKOPES are paid hourly and are treated as non-exempt employees, meaning they were entitled to overtime and meal and rest periods.

45.    Additionally, since many of Defendant LASEN employees perform work in remote areas, Defendant LASEN provides its employees with a LASEN-owned vehicle or rental. As a condition of their employment, such employees must cover the cost of food and lodging themselves and then seek reimbursement from LASEN, who then reimburses the employees the per diem.

46.    If LASEN fails to pay the per diem, the aforementioned employees are not reimbursed for their reasonable and necessary business expenses incurred in the direct consequence of performing their duties for LASEN.

47.    At the Time of hire, Plaintiffs KEVIN POWERS and BLAKE NORRIS, as well as all other similarly situated employees, each signed an offer letter which set forth their

rate(s) of pay, the amount of per diem they would individually receive, and all other benefits available to them including medical benefits and retirement benefits in the form of a 401k.

48.    Upon information and belief, Defendant SKYSKOPES was awarded contracts with Pacific Gas and Electric ("PG&E") and Southern California Edison ("SCE") in 2024 and deployed Plaintiffs KEVIN POWERS and BLAKE NORRIS, among others, to work on projects throughout California.

49.    In or around late-January 2025, Defendants stopped paying Plaintiffs KEVIN POWERS BLAKE NORRIS, AND RAYMOND BERRY, among others, their per diem.

50.    Defendants, however, still required Plaintiffs to continue working, and Plaintiffs KEVIN POWERS, BLAKE NORRIS, and RAYMOND BERRY, among others, continued to incur business expenses without reimbursement as a result.

51.    Defendants, on numerous occasions, represented to its employees that at some point Defendants would resume paying the per diem and reimbursing the unpaid business expenses, which never happened.

52.    Beginning in or around February 2025 until in or around April 2025, all Plaintiffs continued to receive their wages, minus their standard deductions, including amounts for healthcare and 401k or Simple IRA contributions, via Bank Transfer without an accompanying paystub.

53.    Upon information and belief, Defendants failed to pay contributions towards all Plaintiffs' healthcare benefits and 401k, despite deducting those amounts from their pay.

54.    In or around April 2025, Defendants stopped paying all Plaintiffs entirely for the

work they performed.

55.    Accordingly, Plaintiff ELIZABETH RODRIGUEZ did not receive healthcare contributions from her employer, despite the amounts being deducted from her wages from in or around February 2025 until in or around May 2025. Plaintiff also did not receive any pay for work performed from in or around April 2025 until in or around May 9, 2025.

56.    Accordingly, Plaintiff KEVIN POWERS did not receive healthcare contributions from his employer, despite the amounts being deducted from his wages from in or around February 2025 until in or around May 2025. Plaintiff also did not receive any pay for work performed from in or around April 2025 until in or around May 23, 2025.

57.    Accordingly, Plaintiff BLAKE NORRIS did not receive healthcare or 401k contributions from his employer, despite the amounts being deducted from his wages from in or around February 2025 until in or around May 2025. Plaintiff also did not receive any pay for work performed from in or around April 2025 until in or around May 23, 2025.

58.    Accordingly, Plaintiff RAYMOND BERRY did not receive Simple IRA contributions from his employer, despite the amounts being deducted from his wages from in or around February 2025 until in or around May 2025. Plaintiff also did not receive any pay for work performed from in or around April 2025 until in or around May 2025.

59.    Defendants, however, still required its employees to continue working without pay. Plaintiffs and other similarly situated employees continued working, believing the delay in being paid their wages was only temporary.

60.    Defendants eventually instructed its workforce to "stand down" which required its employees to remain in the geographic region they had been deployed to and await further

instruction regarding their work activities.

61.    Per Defendants' "stand down" policy, Plaintiffs KEVIN POWERS, RAYMOND BERRY, and BLAKE NORRIS, among others, were entitled to forty hours of pay for each week they should have been working but were told to "stand down."

62.    Upon information and belief, as of the filing of this Complaint, many employees of Defendants remain in "stand down" status.

63.    Additionally, as of the filing of this Complaint, Defendants have failed to pay Plaintiffs ELIZABETH RODRIGUEZ, KEVIN POWERS, RAYMOND BERRY, and BLAKE NORRIS, as well as all other similarly situated employees of Defendants, multiple pay periods' worth of earned wages, failed to reimburse them for reasonable and necessary business expenses incurred since January 2025, and failed to pay health insurance premiums, 401k, and/or Simple IRA contributions.

64.    Having not been paid wages for the work they performed or reimbursed for their reasonable and necessary business expenses or given any indication that they will imminently resume work for Defendants, Plaintiffs assert that no reasonable person would consider themselves employed by Defendants. As such, Plaintiffs assert they have been constructively terminated by Defendants.

65.    Defendants failed to pay Plaintiffs the legally prescribed minimum wage for their hours worked from in or around April 2025 until in or around May 2025, a blatant violation of the minimum wage provisions contained in the FLSA.

66.    Furthermore, although Plaintiffs KEVIN POWERS and BLAKE NORRIS worked approximately fifty (50) hours or more per week during the period of their employment by

Defendants, Defendants did not pay Plaintiff Time and a half (1.5) for hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA.

67.    Upon information and belief, Defendants willfully failed to keep payroll records as required by the FLSA.

68.    Beginning in or around January 2025, Defendants willfully, intentionally and knowingly did not provide the California-based Plaintiffs with accurate itemized statements showing all of the information required by CA Labor Code §§ 226 and as a result, Plaintiffs were injured.

69.    As a direct result of Defendants' violations and failure to provide proper wage notices and wage statements, Plaintiffs suffered a concrete harm, resulting from Plaintiffs' inability to identify Plaintiffs' employer to remedy their compensation problems, lack of knowledge about the rates of pay they were receiving and/or should have receiving for their regular hours and overtime hours, deductions, terms, and conditions of their pay, and furthermore, an inability to identify their rate of pay to ascertain whether they were being properly paid in compliance with the FLSA and California Labor Code – which they were not.

*WORKER ADJUSTMENT AND RETRAINING NOTIFICATION ("WARN") ACT VIOLATIONS*

70.    At all relevant times, Defendants constituted "employers" within the meaning of 29 USC §§2101(a)(1), employing 100 or more full-time employees who worked at, or reported to, a single site of employment.

71.    In or around May 2025, Defendants constructively terminated more than fifty (50)

14

employees within a thirty (30) day period, resulting in "employment loss" as defined by 29 USC  2101(a)(2) and (a)(6).

72.     Defendants failed to provide at least sixty (60) days' advance written notice of the layoff or termination, as required by 29 USC  2101(a) to: (a) affected employees; (b) The Arizona Department of Economic Security; and (c) the chief elected official of the local government where the employment site is located.

73.     As a result, Plaintiffs and other similarly situated individuals were deprived of rages and benefits for the during of the violation period and are entitled to recover back pay and benefits for each day of the WARN Act violation, up to 60 days and attorneys fees and costs as provided under 29 USC 2104(a)(1) and (a)(6).

## *BREACH OF CONTRACT*

74.     Defendants and Plaintiffs entered into enforceable written Employment Agreements, under which Plaintiffs were to be paid specified amounts for work performed and per diem reimbursements, when applicable.

75.     Plaintiffs performed all obligations required under their respective Employment Agreements or were otherwise excused from said performance due to being on "stand down" status.

76.     Defendants materially breached Plaintiffs' Employment Agreements by failing to pay Plaintiffs as promised.

77.     As a direct and proximate result of Defendants' breach, Plaintiffs have suffered damages in an amount to be proven at trial, including but not limited to unpaid wages, unpaid per diem reimbursement, unlawfully deducted wages for Plaintiffs' benefits,

liquidated damages, compensatory damages, pre- and post-judgment interest, and such other relief as the Court deems just and proper.

78.    As a result of these violations of Federal and State labor laws, Plaintiffs seek compensatory damages and liquidated damages in an amount exceeding $100,000.00. Plaintiffs also seek interest, attorneys' fees, costs, and all other legal and equitable remedies this Court deems appropriate.

*FRAUD*

79.    Individual Defendants JEFFREY FARSTAD, TIMOTHY GOOLSBY, GARY PERSCHBACHER, and DANIEL DAFFINRUD knowingly and willingly made material misrepresentations and omissions to Plaintiffs and other similarly situated employees.

80.    Specifically, the Individual Defendants represented that employee wages, expense reimbursements, health insurance premiums, Simple IRA, and/or 401(k) contributions would resume shortly and that Plaintiffs should continue performing their duties in reliance on those assurances.

81.    At the Time the representations were made, the Individual Defendants knew them to be false, or made them recklessly without regard to their truth, intending that Plaintiffs rely on them.

82.    Plaintiffs, unaware of the falsity of these statements, reasonably relied on the representations and continued work without Timely payment of wages, reimbursements, or benefits.

83.    As a direct and proximate result of Defendants' fraud, Plaintiffs suffered economic harm, including but not limited to unpaid wages, unreimbursed expenses, loss of health

16

coverage, and unreimbursed medical expenses, and loss of 401k contributions.

84.     Defendants' conduct was intentional, willful, and malicious, warranting an award of punitive damages and establishing grounds for non-dischargeability under 11 USC §§523(a)(2)(A), (a)(4), and (a)(6).

## **COLLECTIVE ACTION ALLEGATIONS**

85.     Plaintiffs bring this action on behalf of themselves and other employees similarly situated as authorized under the FLSA, 29 U.S.C. § 216(b).  The employees similarly situated are:

86.     Collective Class: All persons who are or have been employed by the Defendants as UAV Drone Pilots, Human Resources representatives, Software Engineering Project employees, GIS managers interns technicians and employees, Distribution Inspectors, Data Processing Techs, Administrative Assistants, UAV Field Supervisors, Sales Representatives, Safety Compliance Analysts, Visual Observers, Contract Pilots, Remote Sensing Managers and Analysts, Electrical Field Supervisors, Helicopter Pilots, Operations Data handlers, Inspection Foremen, Systems Administrators, maintenance managers, account executives, project managers, airborne sensor operators, customer service representatives, controllers, flight instructors, mechanics, IT directors, software engineers, or other similarly titled personnel with substantially similar job requirements and pay provisions such as being paid via wire transfer with no paystubs,, who were performing the same sort of functions for Defendants, other than the executive and management positions, who have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay required overtime wages.

87.     Upon information and belief, the Individual Defendants and SKYSKOPES employed approximately one hundred and forty (140) to two hundred (200) employees within the past three years subjected to similar payment structures.

88.     Upon information and belief, the Individual Defendants and LASEN employed approximately fifty (50) to seventy-five (75) employees within the past three years subjected to similar payment structures.

89.     Upon information and belief, Defendants suffered and permitted Plaintiffs and the Collective Class to work without appropriate compensation.

90.     Defendants' unlawful conduct has been widespread, repeated, and consistent.

91.     Upon information and belief, Defendant had knowledge that Plaintiffs and the Collective Class performed work requiring pay.

92.     Defendants' conduct as set forth in this Complaint, was willful and in bad faith, and has caused significant damages to Plaintiffs and the Collective Class.

93.     Defendants are liable under the FLSA for failing to properly compensate Plaintiffs and the Collective Class, and as such, notice should be sent to the Collective Class.  There are numerous similarly situated current and former employees of Defendants who have been denied unlawfully deducted contributions and proper minimum wage pay in violation of the FLSA, who would benefit from the issuance of a Court-supervised notice of the present lawsuit, and the opportunity to join the present lawsuit.  Those similarly situated employees are known to Defendants and are readily identifiable through Defendants' records.

94.     The questions of law and fact common to the putative class predominate over any

18

questions affecting only individual members.

95.    The claims of Plaintiffs are typical of the claims of the putative class.

96.    Plaintiffs and their counsel will fairly and adequately protect the interests of the putative class.

97.    A collective action is superior to other available methods for the fair and efficient adjudication of this controversy.

## FIRST CAUSE OF ACTION

### Unpaid Minimum and Overtime Wages Under The Fair Labor Standards Act

98.    All Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

99.    Defendants willfully failed to pay all Plaintiffs' wages for hours worked in violation of 29 U.S.C. §206(a).

100.    Defendants' violations of the FLSA as described in this Complaint have been willful and intentional.  Defendants have not made a good effort to comply with the FLSA with respect to compensating the Plaintiffs.

101.    Due to Defendants' FLSA violations, Plaintiffs are entitled to recover from Defendants, jointly and severally, their unpaid wages and an equal amount in the form of liquidated damages, as well as reasonable attorneys fees and costs of the action, including interest, pursuant to the FLSA, specifically 29 U.S.C. §216(b).

## SECOND CAUSE OF ACTION

### Unpaid Minimum and Overtime Wages Under California Labor Code

102.    California-based Plaintiffs re-allege and incorporate by reference all allegations in

19

all preceding paragraphs.

103.    At all Times relevant to this action, Plaintiffs were employed by Defendants within the meaning of The California Labor Code.

104.    Defendants failed to Timely pay wages with at least the minimum wage for all hours worked or spent in Defendants' control to California-based Plaintiffs and class members in violation of Labor Code §§ 201, 202, and 204.

105.    Defendants failed to pay minimum wages and overtime compensation in violation of Labor Code § 226.

106.    Defendants failed to reimburse Plaintiffs for reasonable and necessary business expenses, including but not limited per diem and travel-related costs, in violation of Labor Code § 2802.

107.    Because of Defendants' policies and/or practices with regard to compensating Plaintiffs, Defendants fail to pay minimum wages as required by law.

108.    Defendants are jointly and individually liable for the aforementioned violations under Labor Code §558.1, as they caused or permitted the violations to occur.

109.    Due to Defendants' California Labor Code violations, Plaintiffs are entitled to recover from Defendants, jointly and severally, their unpaid wages and an amount equal to their unpaid wages in the form of liquidated damages, as well as reasonable attorney's fees and costs of the action, including interest in accordance with Labor Code §§ 201-203, and all other relief available under California law.

## THIRD CAUSE OF ACTION

### Unpaid Minimum Wages Under Arizona Revised Statutes

110.    Non-CA/NM-based Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

111.    At all Times relevant to this action, Plaintiffs were employed by Defendants within the meaning of Arizona Revised Statues.

112.    Defendants failed to Timely pay wages to non-California-based Plaintiffs with at least the minimum wage for all hours worked or spent in Defendants' control and class members in violation of ARS §23-351, which requires employers to pay wages no later than two paydays following the end of the pay period.

113.    Defendants failed to pay final wages within the Timeframes required under ARS § 23-353.

114.    Defendants failed to reimburse Plaintiffs for reasonable and necessary business expenses, including but not limited per diem and travel-related costs, in violation of ARS § 23-364(B).

115.    Defendants are jointly and individually liable for the aforementioned violations under ARS §23-350(3) and §23-355, as they caused or permitted the violations to occur.

116.    Due to Defendants' Arizona Revised Statute violations, Plaintiffs are entitled to recover from Defendants, jointly and severally, their unpaid wages and an amount treble equal to their unpaid wages in the form of liquidated damages, as well as reasonable attorney's fees and costs of the action, including interest in accordance with ARS § 23-355 and § 12-341.01, and all other relief available under Arizona law.

**FOURTH CAUSE OF ACTION**

**Unpaid Minimum Wages Under New Mexico Minimum Wage Act**

117.    New Mexico-based Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

118.    At all Times relevant to this action, Plaintiff was employed by Defendants within the meaning of the New Mexico Minimum Wage Act (NMMWA"), NM Stat. Ann. § 50-4-21(C), and Defendants were Plaintiffs' employers as defined by § 50-4-21(B).

119.    Defendants failed to pay Plaintiff the applicable minimum wage and/or overtime compensation for hours worked in excess of forty (40) per week, in violation of the NMMWA.

120.    Defendants' violations of the NMMWA were willful and not in good faith. Defendants knowingly and intentionally withheld minimum and overtime wages owed to Plaintiffs.

121.    Defendants are jointly and individually liable for the aforementioned violations under NM Stat. Ann § 50-4-26(E) to Plaintiff, and Plaintiff and others similarly situated are entitled to recover from Defendants: (1) the full amount of unpaid wages; (2) treble damages for willful violations; (3) reasonable attorneys' fees and costs; and (4) pre- and post-judgment interest.

## FIFTH CAUSE OF ACTION

### Violation of the Notice and Recordkeeping Requirements of the California Labor Code

122.    California-based Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

123.    Labor Code § 226(a) requires an employer at the Time of each payment of wages to

furnish its employees with an accurate itemizes statement in writing showing, among other thins: (1) gross wage earned, (2) total hours worked, (3) all deductions, (4) net wages earned, and (5) all applicable hourly rates in effect during each respective pay period and the corresponding number of hours worked at each hourly rate. Defendants knowingly and intentionally failed to provide Timely, accurate itemized wage statements, including this required information.

124.    Under Labor Code § 226(e), and employee suffering injury as a result of a knowing and intentional failure by an employer to comply with § 226(a) is entitled to recover the greater of all actual damages or fifty dollars ($50) for initial pay period in which a violation occurs and is one hundred dollars ($100) for each violation in a subsequent pay period, up to a maximum amount of $4,000.00 per Plaintiff.

125.    As a direct and proximate result of Defendants' conduct, each Plaintiff has been injured by, among other things, not being paid all wages due, not knowing how many hours he worked and at what rate(s), and being required to file this action to recover their wages and determine the amount of hours worked and wages due. Plaintiffs are entitled to recover the damages or penalties provided by Labor Code §226(e), including interest thereon, and costs and reasonable attorneys' fees and costs.

## SIXTH CAUSE OF ACTION

### Violation of the Notice and Recordkeeping Requirements of the Arizona Revised Statutes

126.    Non-California-based Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

23

127.    Pursuant to ARS § 23-364(D) and associated regulations, Arizona employers are required to maintain accurate records of employee wages, hours worked, and other terms of employment. These records must be kept for a period of at least four years and must be available for inspection by employees.

128.    Defendants knowingly and intentionally failed to maintain or provide accurate records of hours worked, wage rates, and wages paid to Plaintiffs. As a result, the Plaintiffs were denied access to accurate information regarding their compensation, hours, and applicable wage rates, and were deprived of proper wage payouts.

129.    Defendants' failure to comply with Arizona's recordkeeping requirements cause injury to Plaintiffs, including but not limited to: not receiving all wages owed, being unable to determine the full extent of hours worked or underpayment, and being forced to bring this action to recover their wages and establish the amounts owed.

130.    As a direct and proximate result of Defendants' conduct, each Plaintiff has been injured by, among other things, not being paid all wages due, not knowing how many hours he worked and at what rate(s), and being required to file this action to recover their wages and determine the amount of hours worked and wages due. Plaintiffs are entitled to recover the damages or penalties provided by ARS § 23-363(D) including interest thereon, and costs and reasonable attorneys' fees and costs.

## **SEVENTH CAUSE OF ACTION**

### **Violation of the Notice and Recordkeeping Requirements of the NMMWA**

131.    New Mexico-based Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

132.    Pursuant to NM Stat. Ann. § 50-4-22(G), employers are required to keep and preserve for no less than three years accurate records od each employee's name, occupation, and wages paid, including the number of hours worked each day and each workweek.

133.    Defendants knowingly and intentionally failed to maintain or furnish accurate records of hours worked, wage rates, and wages paid to Plaintiffs as required by New Mexico Minimum Wage Act.

134.    As a result, Plaintiff was denied access to essential information regarding his compensation and deductions and was deprived of proper wage statements.

135.    Defendants' failure to comply with the recordkeeping requirements of the NMMWA caused injury to Plaintiff, including but not limited to: (1) not receiving all wages owed; (2) being unable to determine the full extent of hours worked or underpayment; and (3) being forced to bring this action to recover wages and verify the scope of wage violations.

136.    Plaintiffs are entitled to recover from Defendants, jointly and severally, all unpaid wages, treble damages pursuant to NM Stat. Ann § 50-4-26(E), and pre- and post-judgment interest, and reasonable attorneys' fees and costs.

## EIGHTH CAUSE OF ACTION
### Waiting Time Penalties under California Labor Code

137.    California-based Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

138.    Labor Code §§ 201 and 202 require an employer to pay their employees all wages

due immediately upon discharge, or within seventy-two (72) hours of quitting without notice. Labor Code § 203 provides that where an employer willfully fails to make such Timely payment, the employer must, as a penalty, continue to pay the subject employees' wages until the back wages are paid in full or an action is commenced, up to a maximum of thirty (30) days' wages.

139.    Plaintiffs have separated from employment with Defendants without being paid the overtime wages that were due to them within the Time period required by Labor Code §§ 201 and 202.

**NINETH CAUSE OF ACTION**

**Waiting Time Penalties under NMMWA**

140.    New Mexico-based Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

141.    Pursuant to NM Stat. Ann. § 50-4-2(A), employers are required to pay discharged employees all wages due within five days of discharge, or on the next regular payday, whichever comes first.

142.    Defendants willfully failed to pay Plaintiff all earned wages, including overtime, within the required time following his separation from employment.

143.    The failure to pay wages promptly and in full constitutes a willful violation of New Mexico Law.

144.    As a direct and proximate result of Defendants' failure to timely pay earned wages, Plaintiffs are entitled to recover: (1) all unpaid wages; (2) treble damages under NM Stat. Ann. § 50-4-26(E); (3)pre- and post-judgment interest; and (4) reasonable attorneys' fees

and costs.

## TENTH CAUSE OF ACTION

### Waiting Time Penalties under Arizona Law

145.    Non-California-based Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

146.    Pursuant to ARS § 23-353(A), when an employee is discharged from employment, the employer is required to pay all wages due within seven (7) working days or the end of the next regular pay period, whichever is sooner. When an employee quits, wages are due by the next regular payday.

147.    Defendants willfully failed to pay all wages owed to Plaintiffs, including overtime and earned compensation, within the statutory Time limits following Plaintiffs' termination or resignation.

148.    As a result of Defendants' willful failure to Timely pay final wages, Plaintiffs are entitled to recover statutory penalties, including trebly the amount of unpaid wages, pursuant to ARS § 23-355(A).

149.    Plaintiffs also see pre- and post-judgment interest, attorneys' fees, and costs as provided by Arizona law.

## ELEVENTH CAUSE OF ACTION

### Unreimbursed Business Expenses under California Labor Code

150.    California-based Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

151.    Labor Code § 2802 requires an employer to indemnify employees for any

27

reasonable and necessary business expenses incurred in the direct consequence of the discharge of their duties.

152.   Plaintiffs incurred reasonable and necessary business expenses in the form of meals, lodging and other expenses incurred while being deployed to work on Defendants' projects.

153.   As a result of Defendants' conduct, each California-based Plaintiff is entitled to reimbursement for these business expenses in an amount to be proved at trial, together with interest thereon and reasonable attorneys' fees and costs.

### TWELFTH CAUSE OF ACTION
### Violation of Fair Day's Pay Act under California Labor Code

154.   California-based Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

155.   Labor Code § 558.1 provides:

(a) Any employer or other person acting on behalf of an employer, who violates, or causes to be violated, any provision regulating minimum wage or hours and days of work in any order of the Industrial Welfare Commission or violates, or causes to be violated, §§ 203, 226, 226.7, 1193.6, 1194, or 2802, may be held liable as the employer for such violation.

(b) For the purposes of this section, the term "other person acting on behalf of the employer" is limited to a natural person who is an owner, director, officer, or managing agent of the employer…

156.   As alleged herein, Defendant SKYSKOPES, through its acts and omissions, has violated Labor Code §§ 203, 226, 1194, and 2802. Likewise, as alleged herein, Plaintiffs

28

have alleged that JEFFREYREY FARSTAD, TIMOTHY GOOLSBY, GARY PERSCHBACHER, and DAN DAFFINRUD are owners, directors, officers or managing agents of SKYSKOPES and LASEN, and are thus personally liable for Plaintiffs' damages.

157.    As a result of Defendants' misconduct, they should be held personally liable for Plaintiffs' unpaid wages and penalties in an amount to be proved at trial, together with interest thereon, and reasonable attorneys' fees and costs.

### THIRTEENTH CAUSE OF ACTION

### Unfair Business Practices under California Unfair Competition Law

158.    California-based Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

159.    The Unfair Competition Law ("UCL"), Cal. Bus & Prof. Code § 17200 *et seq.* prohibits any unlawful, unfair, or fraudulent business practice.

160.    Defendants violated the UCL's unlawful policy prong by: (1) failing to pay Plaintiffs minimum wage in violation of Labor Code § 1182.11, 1182.12, 1194, 1194.2, and 1197; (2) failing to pay Plaintiffs overtime wages in violation of Labor Code § 510 and Wage Order 4-2001, 8 CCR §11040; and (3) failing to reimburse Plaintiffs for reasonable and necessary business expenses in violation of § 2802.

161.    As a result of Defendants' UCL violations, Plaintiffs have suffered injury in fact and lost money or property in an amount to be proven in the form of lost wages, premium pay and business expenses.

### FOURTEENTH CAUSE OF ACTION

### Breach of Contract

162.    Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

163.    At all relevant Times, Plaintiffs and Defendants entered into valid and enforceable employment agreements, whether written, oral, or implied, pursuant to which Defendants promised to compensate Plaintiffs for all hours worked, to reimburse Plaintiffs for necessary business-related expenses, and to make only lawful deductions from their wages.

164.    Under Federal common law, Courts recognize implied contacts arising from employer policies, handbooks, and practices where there is a mutual assent ad considerations. Defendants' promises to pay wages, remit deductions to benefit providers, and reimburse expenses created enforceable obligations.

## FIFTEENTH CAUSE OF ACTION
### Breach of Contract Under California Contract Law

165.    California-based Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

166.    At all relevant Times, Plaintiffs and Defendants entered into valid and enforceable employment agreements, whether written, oral, or implied, pursuant to which Defendants promised to compensate Plaintiffs for all hours worked, to reimburse Plaintiffs for necessary business-related expenses, and to make only lawful deductions from their wages.

167.    Defendants breached those agreements by (1) failing to pay wages for Time worked; (2) making unlawful deductions from wages, including deductions for benefits that were not remitted; and (3) failing to reimburse business-related expenses, including per diem, lodging, and travel, in violation of contractual terms and California Labor Code § 2802.

168.    Plaintiffs are entitled to compensatory damages, including but not limited to unpaid wages, unreimbursed expenses, improperly deducted wages, and any consequential damages resulting from Defendants' breach.

## SIXTEENTH CAUSE OF ACTION
### Breach of Contract Under New Mexico Law

169.    New Mexico-based Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

170.    At all relevant Times, Plaintiffs and Defendants entered into valid and enforceable employment agreements, whether written, oral, or implied, pursuant to which Defendants promised to compensate Plaintiffs for all hours worked, to reimburse Plaintiffs for necessary business-related expenses, and to make only lawful deductions from their wages.

171.    Defendants breached those agreements by (1) failing to pay wages for Time worked; (2) making unlawful deductions from wages, including deductions for benefits that were not remitted; and (3) failing to reimburse business-related expenses, including per diem, lodging, and travel, in violation of contractual terms..

172.    Plaintiffs are entitled to compensatory damages, including but not limited to unpaid wages, unreimbursed expenses, improperly deducted wages, and any consequential damages resulting from Defendants' breach.

## SEVENTEENTH CAUSE OF ACTION
### Breach of Contract Under Arizona Contract Law

173.    Non-California-based Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

31

174.    At all relevant Times, Plaintiffs and Defendants entered into valid and enforceable employment agreements, whether written, oral, or implied, pursuant to which Defendants promised to compensate Plaintiffs for all hours worked, to reimburse Plaintiffs for necessary business-related expenses, and to make only lawful deductions from their wages.

175.    Plaintiffs performed all material obligations under their respective employment agreements or were excused from performance.

176.    Defendants breached those agreements by (1) failing to pay wages for Time worked; (2) making unlawful deductions from wages, including deductions for benefits that were not remitted; and (3) failing to reimburse business-related expenses, including per diem, lodging, and travel, in violation of contractual terms and Arizona Contract Law.

177.    Plaintiffs are entitled to compensatory damages, including but not limited to unpaid wages, unreimbursed expenses, improperly deducted wages, and any consequential damages resulting from Defendants' breach.

## FOURTEENTH CAUSE OF ACTION

**Violation of ERISA for Unlawful Deductions Not Remitted to Plaintiffs' 401(k) Plans**

178.    All Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

179.    Plaintiffs participated in a 401(k) retirement plan sponsored and administered by Defendants, an ERISA-covered employee benefit plan under 29 USC § 1002(3).

180.    Defendants deducted contributions from Plaintiffs' wages for deposit into the plan but failed to remit those contributions to the plan account.

32

181.    Accordingly, Defendants, as plan administrators and fiduciaries, violated their duties under 29 U.S.C. §§ 1104(a)(1), 1106(a), and 1145 by failing to Timely remit contributions and those of similarly situated employees but failed to Timely remit or deposit those contributions into the plan.

182.    As a result of Defendants' actions, Plaintiffs and similarly situated employees suffered losses to their individual retirement accounts and violations of their protected rights under ERISA.

183.    Plaintiffs seek relief pursuant to 29 U.S.C. § 1132(a), including all appropriate equitable relief, an accounting, restoration of plan losses, statutory penalties, attorneys' fees, and costs.

## FIFTEENTH CAUSE OF ACTION

**Violation of ERISA for Unlawful Deductions Not Remitted to Plaintiffs' Healthcare Premiums**

184.    All Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

185.    Defendants maintained employee health benefit plans governed by ERISA.

186.    Defendants deducted contributions from Plaintiffs' wages for deposit into the health benefit plans but failed to pay premiums to the insurance carrier, resulting in canceled coverage for employees.

187.    Accordingly, Plaintiffs seek relief under:

(a) § 502(a)(1)(B) to recover benefits due under the plan, including reimbursement of unpaid medical claims;

(b) § 502(a)(2) for breach of fiduciary duty on behalf of the plan and to restore plan losses;

(c) § 502(a)(3) for equitable relief due to Defendants' misconduct;

(d) § 502(c) for failure to provide COBRA continuation coverage notices as required under 29 U.S.C. § 1166 and 29 U.S.C. § 1132(c)(1), with penalties of $110 per day per affected individual.

(e) Plaintiffs also seek statutory penalties under IRC § 4980B for Defendants' failure to provide COBRA coverage, amounting to $100 per day per individual and $200 per day per family.

## SIXTEENTH CAUSE OF ACTION
### Fraudulent Misrepresentation

188.   All Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

189.   Defendants knowingly and falsely represented to Plaintiff and similarly situated employees that:

(a) They would be paid wages for work performed;

(b) Deductions from their paychecks would be contributed to their designated 401(k) accounts and towards their healthcare insurance premiums; and

(c) They would receive certain employment benefits and reimbursements as part of their compensation.

190.   These representations were made in writing, including in offer letters, pay stubs, and internal communications, throughout Plaintiffs' employment, while Plaintiffs were

employed be Defendants.

191.    Defendants knew these representations were false at the Time they were made or acted in reckless disregard of their truth, and made them with the intent to induce Plaintiffs and others to continue working for Defendants without proper compensation.

192.    Plaintiffs and similarly situated employees reasonably relied on Defendants' misrepresentations to their detriment by continuing to work without Timely compensation or benefit contributions.

193.    As a result of this fraud, Plaintiffs and the collective class suffered economic harm including unpaid wages, unreimbursed business expenses, and diminished 401(k) contributions.

194.    To the extent not preempted by ERISA, Plaintiffs are entitled to compensatory and punitive damages under the laws of Arizona and California.

## SEVENTEENTH CAUSE OF ACTION

### Fraudulent Misrepresentation Against Individual Defendants

195.    All Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

196.    Defendants DANIEL DAFFINRUD, JEFFREY FARSTAD, GARY PERSCHBACHER, and TIMOTHY GOOLSBY knowingly and falsely represented to Plaintiff and similarly situated employees that:

(a) Employee wages, expense reimbursements, health insurance premiums, and 401(k) contributions would resume shortly and that Plaintiffs should continue performing their duties in reliance on those assurances.

(b) At the Time the representations were made, Defendants knew them to be false, or made them recklessly without regard to their truth, intending that Plaintiffs rely on them

197.    Plaintiffs and similarly situated employees reasonably relied on Defendants' misrepresentations to their detriment by continuing to work without Timely compensation or benefit contributions.

198.    As a result of this fraud, Plaintiffs and the collective class suffered economic harm including unpaid wages, unreimbursed business expenses, loss of health insurance coverage and unreimbursed medical expenses, and diminished 401(k) contributions.

199.    Defendants   DANIEL   DAFFINRUD,   JEFFREY   FARSTAD,   GARY PERSCHBACHER, and TIMOTHY GOOLSBY's conduct was intentional, willful, and malicious, warranting an award of punitive damages and establishing grounds for non-dischargeability under 11 USC §§ 523(a)(2)(A), (a)(4), and (a)(6).

### EIGHTEENTH CAUSE OF ACTION
**Violation of the WARN Act**

200.    All Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

201.    At all relevant times, Defendants were employers covered under the Worker Adjustment and Retraining Notification Act ("WARN Act"), 29 USC § 2101(a)(1), in that they employed more than one hundred (100) full-time employees.

202.    Plaintiffs and similarly situated individuals were "affected employees" as defined

36

by 29 USC § 2101(a)(5), who suffered and "employment loss" due to a mass layoff and/or plant closing as defined by 29 USC 2101(a)(2) and (3).

203.    Defendants ordered its employees to "stand down" without issuing "stand down pay" as defined by Defendants' employment agreement with its employees ensuring employees would receive forty (4) hours of pay per week of "stand down" status in or around May 2025, affecting more than fifty (50) employees at a single site of employment, without providing sixty (60) days' advance written notice as required under the WARN Act.

204.    Defendants failed to provide Plaintiffs and similarly situated employees:

    (a) Sixty (60) days' written notice of the mass constructive layoff;

    (b) Continued wages, benefits, or alternative employment during the notice period;

    (c) Notice to the appropriate state and local governmental authorities as required under 29 USC  2102(a).

205.    As a result of Defendants' violations of the WARN Act, Plaintiffs and similarly situated employees are entitled to:

    (a) Back pay for each day of violation up to sixty (60) days (29 USC § 2104(a)(1)(A));

    (b) The value and benefits, including medical and retirement contributions (29 USC § 2014(a)(1)(B));

    (c) Reasonable attorneys' fees and costs (29 USC § 2104(a)(6)).

## PRAYER FOR RELIEF

**Wherefore**, Plaintiffs respectfully request that judgment be granted:

a.  Declaring Defendants' conduct complained herein to be in violation of the Plaintiffs' rights under the FLSA, Arizona Revised Statutes, ERISA, California and Arizona Contract Law, and the California Labor Code, and its regulations;

b.  Awarding all Plaintiffs unpaid minimum and overtime wages;

c.  Awarding Non-California-Based Plaintiffs treble damages;

d.  Awarding all Plaintiffs liquidated damages;

e.  Awarding all Plaintiffs compensatory damages for breach of contract;

f.  Awarding reimbursement for unpaid medical bills;

g.  Awarding waiting Time penalties for all Plaintiffs;

h.  Awarding full reimbursement of necessary business-related expenses for all Plaintiffs;

i.  Awarding equitable, fiduciary, and injunctive monetary relief under ERISA, including but not limited to:

   i.  Restitution of unlawfully held 401(k) contributions and medical insurance premiums;

   ii.  Restoration of plan losses;

   iii. COBRA notice penalties;

j.  Imposing statutory penalties under ERISA;

k.  Imposing statutory penalties for failure to report wages under New Mexico, Arizona and California state laws;

l.  Awarding compensation for damages sustained by California-based Plaintiffs who did not receive accurate wage statements;

m.  Awarding all Plaintiffs back pay damages for violations of the WARN Act;

n.  Awarding all Plaintiffs prejudgment and post-judgment interest;

o.  Awarding all Plaintiffs the costs of this action together with reasonable attorneys' fees; and

p.  Awarding such and further relief as this court deems necessary and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a trial by jury on all questions of fact raised by the complaint.

RESPECTFULLY SUBMITTED,

Dated: June 6, 2025,          /s/ David A. Chami
                              David A. Chami, AZ Bar No. 027585
                              **CONSUMER JUSTICE LAW FIRM**
                              8095 North 85th Way
                              Scottsdale, AZ 85258
                              T: (480) 626-2359
                              E: dchami@consumerjustice.com
                              *Attorneys for Plaintiff*

39

1

**TO:**

2

SKYSKOPES, INC.
1628 W Williams Drive
3
Phoenix, Arizona 85027

4

LASEN, INC.
5
1628 W Williams Drive
Phoenix, Arizona 85027
6

7

JEFFREY FARSTAD
4901 E. Butler Drive
8
Paradise Valley, Arizona 85253

9

DANIEL DAFFINRUD
10
12123 West Range Mule Drive
Peoria, Arizona 85383
11

12

GARY PERSCHBACHER
23829 North 58th Drive
13
Glendale, Arizona 85310

14

TIMOTHY GOOLSBY
15
19522 North 1st Avenue
Glendale, Arizona 85308
16

17

18

19

20

21

22

23

24

25

26

27

28