**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| Elizabeth Rodriguez, et al., | No. CV-25-01980-PHX-DJH |
|---|---|
| Plaintiffs, | **ORDER** |
| v. | |
| SkySkopes Incorporated, et al., | |
| Defendants. | |

Before the Court is Defendant Jeffrey Farstad's ("Farstad") Motion to Refer Case to the Bankruptcy Court. (Doc. 35). Farstad's Motion is also joined by Defendant Gary Pershcbacher ("Perschbacher"), Defendant Timothy Goolsby ("Goolsby"), and Defendant Daniel Daffinrud ("Daffinrud"). (Doc. 37; Doc. 38; Doc. 42). Plaintiffs Elizabeth Rodriguez, Kevin Powers, Blake Norris, and Raymond Berry (collectively "Plaintiffs") oppose the Motion. (Doc. 40). Upon review, the Court will grant Farstad's Motion to refer the case to the Bankruptcy Court.

**I.     Background**

This case stems from Plaintiffs'[1] allegations that SkyScopes,Inc. ("SkyScopes"), LaSen Inc. ("LaSen") (collectively "Corporate Defendants"), Daffinrud, Farstad, Pershbacher, Goolsby, and Does 1-50 (collectively "Defendants") violated the Fair Labor Standards Act ("FLSA"); the California Labor Code; the Arizona Revised Statutes; and the New Mexico Minimum Wage Act. (Doc. 1 at 19–22). Plaintiffs also allege violations of

---

[1] Plaintiffs bring this action on behalf of themselves and other similarly situated. (Doc. 1 at 17). In other words, they seek to push their claims forward as a collective action. (*Id.*)

the California Unfair Competition Law; breach of contract under California, New Mexico law, and Arizona law; violations of the Employee Retirement Income Security Act ("ERISA"); fraudulent misrepresentation; and a violation of the Worker Adjustment and Retraining Notification Act ("WARN"). (*Id.* at 29–37). In totality, Plaintiffs' Complaint comprises twenty-two causes of action. (*Id.* at 19–37).[2] The two Corporate Defendants in this action—SkyScopes and LaSen—provided notice to the Court that they had filed for bankruptcy on June 20, 2025. (Doc. 10). In response, the Court ordered a stay of the proceedings as to the Corporate Defendants on July 1, 2025. (Doc. 16). Then, on August 5, 2025, Plaintiffs filed an Application for Entry of Default against Defendants Daffinrud, Goolsby, and Perschbacher. (Docs. 19–21). The Clerk of Court entered default against all three Defendants. (Docs. 22–24). Since then, Perschbacher, Goolsby, and Daffinrud have moved to set aside their entries of default, (Docs. 27, 29, and 34), and Farstad has filed a Motion to Dismiss (Doc. 32) and Motion to Refer Case to Bankruptcy Court. (Doc. 35). Farstad's Motion to Refer Case to Bankruptcy Court is joined by Perschbacher and Goolsby. (Docs. 37–38). Plaintiffs have filed a Response to Farstad's Motion to Refer Case to Bankruptcy Court. (Doc. 40). For the reasons set forth below, the Court will grant Farstad's Motion.

## II.   Legal Standard

"This District refers all bankruptcy cases to the Bankruptcy Court." *See* General Order 01-15 (June 29, 2001); *Star Mountain Plan Tr. v. Titan Mining (US) Corp.*, 635 B.R. 789, 792 (D. Ariz. 2021). In instances where a Bankruptcy Court's jurisdiction is not rooted in Chapter 11 or other parts of federal bankruptcy law, it might still be an otherwise "related" proceeding. *Id.*[3] "[A] civil proceeding is 'related to' bankruptcy if its outcome

---

[2] Plaintiffs state that they misnumbered the claims in their Complaint and that "Plaintiffs' last five causes of action are enumerated as 14–18 when they should be enumerated as 18–22. (Doc. 40, fn. 1).

[3] A Bankruptcy Court's jurisdiction can prevail in four instances: (1) from the Bankruptcy Code itself; (2) proceedings arising under the Bankruptcy Code, meaning rights or remedies specifically enunciated in the Bankruptcy Code; (3) cases that arise in a bankruptcy case and would otherwise not exist outside of the context of the bankruptcy case itself; and (4) proceedings related to a bankruptcy case, meaning those cases that often come about under non-bankruptcy law. *See In re Boy Scouts of Am.*, 137 F.4th 126, 147

could conceivably have any effect on the bankruptcy estate." *Bethlahmy v. Kuhlman (In re ACI-HDT Supply Co.)*, 205 B.R. 231, 237 (B.A.P. 9th Cir. 1997). This conceivable effect on the bankruptcy estate litmus test is also referred to as the *Pacor* test in the Ninth Circuit. *In re Pegasus Gold Corp.*, 394 F.3d 1189, 1193 (9th Cir. 2005). Additionally, a Bankruptcy Court's related to jurisdiction, established by the Bankruptcy Code, is broad and includes "nearly every matter directly or indirectly related to the bankruptcy." *In re Sasson*, 424 F.3d 864, 868 (9th Cir. 2005). In this Circuit, the bankruptcy courts also enjoy supplemental jurisdiction when the claims involve a common nucleus of operative facts. *In re Pegasus Gold Corp.*, 394 F.3d 1189, 1195 (9th Cir. 2005).

### III.   Discussion

The Court finds that the Bankruptcy Court has related to jurisdiction in this matter. The parties dispute whether the indemnification provisions in the Corporate Defendants' articles of incorporation, those listed via statute, and in the insurance policy of the Corporate Defendants shield Farstad and other individual Defendants from personal liability such that they are sufficiently 'related to' the bankruptcy proceedings. Plaintiffs appear to argue that because Defendants may be individually liable for the claims against them, their claims against Defendants are not related to the bankruptcy proceedings. (Doc. 40 at 2–3). Pointing to a declaration by Defendant Daffinrud submitted in the bankruptcy proceedings, they say "Individual Defendants have essentially admitted that they deprived Plaintiffs of the full employment compensation to which Plaintiffs were entitled." (Doc. 40 at 4 (citing Doc. 35-2, Ex. B, Daffinrud Decl.)). This argument is problematic on two levels.

First, Plaintiffs do not point to a specific statement by Daffinrud, and the Court's review does not find anything in the declaration, where Daffinrud admits to personal wrongdoing. While Daffinrud avers that debtors have a cash shortfall and have not paid their employees, this information is about the *debtors*,[4] as in the Corporate Defendants, not

---

(3d Cir. 2025) (outlining the different categories of a bankruptcy court's jurisdiction). The case at hand falls in the fourth and last category.

[4] A debtor is the person or entity who files a petition with the Bankruptcy Court

- 3 -

other Defendants in their personal capacity. (*See* Doc. 35-2, Ex. B, Daffinrud Decl.). The Court finds that contrary to Plaintiffs' claims, no individual Defendant in this action has admitted to personal wrongdoing to justify keeping the case with this Court.

Second, Plaintiffs fail to cite to any legal authority supporting their position.[5] Plaintiffs wrongly assert that the adjudication of their dispute between individual Defendants will not impact the debtor's bankruptcy estate. (Doc. 40 at 7). When there is a possible indemnification claim by non-debtors against the debtor in a bankruptcy action, this situation falls comfortably within the Bankruptcy Court's related to jurisdiction. *See In re Boy Scouts of Am.*, 137 F.4th 126, 148 (3d Cir. 2025) (finding that shared insurance policies result in a reduction of available insurance coverage for the debtor and thus the effect on the bankruptcy estate is "likely, let alone conceivable"); *see also Carpenters Pension Tr. For S. California v. Ebbers*, 299 B.R. 610, 613 (C.D. Cal. 2003) (stating that an indemnification provision is sufficient to trigger the bankruptcy court's jurisdiction). As explained in detail in Farstad's Motion, Farstad and the other Defendants share a wasting insurance policy[6] with the Corporate Defendants. (Doc. 35 at 6). The policy covers Farstad and the other individual Defendants for the costs of defending against

---

representing that they cannot pay their debts. United States Courts, Chapter 11 Bankruptcy Basics, (last visited October 15, 2025), https://www.uscourts.gov/court-programs/bankruptcy/bankruptcy-basics/chapter-11-bankruptcy-basics. In this instance, the debtors are the two Corporate Defendants, LaSen and SkyScopes.

[5] Plaintiffs cite to inapposite case law on this argument. For example, the *In re Lake Country Investments* case is not on point because it did not involve an indemnification provision. *In re Lake Country Invs.*, 2000 WL 33712216, at *5 (Bankr. D. Idaho July 10, 2000). Instead, the case was about non-debtor parties bringing state law claims against each other with the Bankruptcy Court finding that if there was an impact on the debtor's estate it was far too attenuated for the Bankruptcy Court to exercise its jurisdiction. *Id.* The other out-of-circuit case from Kansas also provides an inapt comparison to the case at hand. *Alkire v. Fissell*, 1994 WL 240748, at *3 (D. Kan. May 11, 1994). There, the Bankruptcy Court found that it did not have jurisdiction because although "A bankruptcy court has jurisdiction over disputes regarding alleged property of the bankruptcy estate at the outset of the case. When properly leaves the bankruptcy estate, however, the bankruptcy court's jurisdiction typically lapses, and the property's relationship to the bankruptcy proceeding comes to an end." *Id.* The Bankruptcy Court found that it did not have jurisdiction *after* the bankrupt estate's property had been entirely depleted and could not pay off any more debts. *Id.* No such finding has happened here. The Court does note, however, that the Tenth and Ninth Circuit both apply the *Pacor* test for related to jurisdiction.

[6] The policy covers defense costs for wage and hour claims up to $100,000. (Doc. 35-8 at 58, Ex. F, Insurance Policy).

Plaintiffs' lawsuit. (*Id.*) Of course, this indemnification does not extend to a judgment against Farstad or the other Defendants, but it does encompass their legal costs if they successfully present a defense to the claims brought by Plaintiffs. (*Id.* at 7). Not only will the wasting policy erode the limits of the policy as applied to the Corporate Defendants themselves, but the required indemnification of Farstad and other individual Defendants also stems from state specific statutes and the Corporate Defendants' own articles of incorporation. *See* Del. Code Ann. tit 8, § 145(a) (outlining the power of a corporation to indemnify directors and officers of the corporation); N.M Stat. Ann. § 53-11-4.1 (b) & (c) (same); (Doc. 35-3, Ex. C, Delaware Articles of Incorporation for SkyScopes). Because the potential indemnification results in an increase in the total amount of claims against the bankruptcy estate and can have a conceivable effect on the estate, the current instance naturally paves a comfortable path to Bankruptcy Court. *In re Mortgages Ltd.*, 427 B.R. 780, 787 (D. Ariz. 2010), *aff'd sub nom. PDG Los Arcos, LLC v. Adams*, 436 F. App'x 739 (9th Cir. 2011) (emphasizing that an action that is likely to affect the administration of the bankruptcy estate is enough to confer jurisdiction).

Plaintiffs protest that an indemnification clause in an insurance policy or via statute can never cover an unlawful action, which is what violations of federal and state law are. (Doc. 40 at 12). The argument is unpersuasive. Farstad concedes in his Motion that neither he nor any individual Defendant can be indemnified if there is a judgment against them. (Doc. 35 at 6). But at this juncture, the Court is not trying to scrutinize wrongdoing on the part of the individual Defendants, including Farstad. The Court's sole job is to answer a jurisdictional question: does this case belong properly with the Bankruptcy Court given the Bankruptcy Court's related to jurisdiction? The Court finds that it does.

Farstad also invokes the Bankruptcy Court's supplemental jurisdiction to decide this case. (Doc. 35 at 11).[7] Farstad argues that no meaningful distinction can be made between

---

[7] The Court notes that there is currently a circuit split about a Bankruptcy Court's supplemental jurisdiction. *Compare In re Pegasus Gold Corp.*, 394 F.3d 1189, 1195 (9th Cir. 2005), *with Walker v. Cadle Co. (In re Walker)*, 51 F.3d 562, 572–73 (5th Cir. 1995). However, Ninth Circuit precedent is clear: a Bankruptcy Court can exercise supplemental jurisdiction when the claims involve a common nucleus of operative facts. *In re Pegasus Gold Corp.*, 394 F.3d 1189, 1195 (9th Cir. 2005).

the claims brought against him and those against the Corporate Defendants in this action. (*Id.*)  Plaintiffs' only counter to this is that "these similar facts are essentially uncontested." (Doc. 40 at 18).  The Court agrees that the Bankruptcy Court has supplemental jurisdiction because the claims against Farstad and individual Defendants all stem from the same nucleus of facts as Plaintiffs' claims against the debtors and Corporate Defendants.  *Se In re Pegasus Gold Corp.*, 394 F.3d 1189, 1195 (9th Cir. 2005) (stating that bankruptcy courts have supplemental jurisdiction when a claim has a common nucleus of operative facts).  Therefore, the Court finds that this case properly belongs in the Bankruptcy Court and will grant Farstad's Motion.

Accordingly,

**IT IS ORDERED** that Jeffrey Farstad's Motion to Refer Case to Bankruptcy Court (Doc. 35) is **granted.**  The following motions will be transferred to the Bankruptcy Court for resolution: Motion to Set Aside Default by Gary Perschbacher (Doc. 27); Motion to Set Aside Default by Timothy Goolsby (Doc. 29); Motion to Dismiss for Failure to State a Claim (Doc. 32); Motion to Set Aside Default by Daniel Daffinrud (Doc. 34); and Motion for Summary Ruling on Defendant Gary Perschbacher's Motion to Set Aside Entry of Default (Doc. 43).

Dated this 22nd day of October, 2025.

Honorable Diane J. Humetewa
United States District Judge